Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9768 | **DATE** | 1/09/2013 |
| **CASE TITLE** | Heriberto Ramirez Vargas (#2011-0215180) vs. People of the State of Illinois | | |

**DOCKET ENTRY TEXT**

On initial review, the Court determines that Plaintiff has failed to establish the necessary requirements for removal from state court pursuant to 28 U.S.C. §§ 1441, 1443, or 1446. Accordingly, this case is remanded to state court. This case is dismissed and any pending motions are denied as moot.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the Court on Plaintiff Heriberto Ramirez Vargas' (Vargas) motion for leave to proceed in forma pauperis and motion for appointment of counsel. Vargas submitted a notice of removal the instant action from state court on December 7, 2012. He indicates in his pro se notice of removal that the instant action is an ongoing state court criminal action in which he is charged with capital murder. (Not. Rem. ¶ 3). Vargas indicates that he has had, or is in the middle of a trial. (Not. Rem. ¶¶ 7-8). Vargas is seeking in his notice of removal, among other things, to challenge the legality of his arrest because he contends that his rights were violated under the Vienna Convention. (Not. Rem. ¶ 4). Vargas contends that he, as a Mexican national, should have been notified of his right to contact the Mexican Consulate following his arrest. *Id*.

Vargas indicates in the notice of removal that he removed the instant action pursuant to 28 U.S.C. § 1441 (Section 1441) and 28 U.S.C. § 1446. (Not. Rem, generally). Section 1441 does not specifically reference the removal of criminal actions. 28 U.S.C. § 1441. Section 1446 references the removal of a criminal prosecution from state court, but Section 1446 merely provides the procedures for a removal. To the extent that Vargas intended to premise his alleged right to a removal on 28 U.S.C. § 1443(1) (Section 1443(1)). (Not. Rem. ¶10). Section 1443(1) provides the following: "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." 28 U.S.C. § 1443(1).

Section 1443(1) has been interpreted "to apply only if the right alleged arises under a federal law providing for civil rights based on race and the petitioner must show that he cannot enforce the federal right due to some formal expression of state law." *State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). Vargas has made no showing that this case can be removed under Section 1443(1). "As a general rule, *Younger* abstention

| STATEMENT |
|---|
| "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Village of DePue, Ill. v. Exxon Mobil Corp.*, 537 F.3d 775, 783 (7th Cir. 2008), *quoting FreeEats.com v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2008); *see also Younger v. Harris*, 401 U.S. 37 (1971). The rule in *Younger* "is designed to permit state courts to try state cases free from interference by the federal courts." *Id.* Accordingly, Vargas has not met the requirements for removal under 28 U.S.C. § 1443, or any exceptions to *Younger*.<br><br>      To the extent that Vargas has been convicted, any relief he might be entitled to would lie in a 28 U.S.C. § 2254, federal habeas action. However, an inmate who seeks to challenge a state conviction under 28 U.S.C. §2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Therefore, the instant action is remanded to state court. All pending motions are denied as moot. |